IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

**PAMELA MACOLINO**,
Philadelphia, PA 19116

       *Plaintiff*,              CIVIL ACTION NO.

    v.

**JEFFERSON HEALTH**
1015 Walnut Street
Philadelphia, PA 19107

                            JURY TRIAL DEMANDED

       & 

**JEFFERSON HEALTH – NORTHEAST**
4900 Frankford Ave.
Philadelphia, PA 19124

       *Defendants*.

## COMPLAINT

### I.   INTRODUCTION

Plaintiff, Pamela Macolino, bring this action against her former employers Jefferson Health and Jefferson Health – Northeast, (collectively "Defendants"). Defendants discriminated against Plaintiff based upon her age, her sex, and/or the combination of her age and sex in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO"). Plaintiff seeks damages, including economic loss, liquidated damages, compensatory and punitive damages, costs, attorney's fees, and all other relief that this Court deems appropriate.

### II.   PARTIES

1. Plaintiff, Pamela Macolino, is an individual and citizen of the Commonwealth of Pennsylvania. She resides in Philadelphia, Pennsylvania.

2. Plaintiff is female.

3. Plaintiff's date of birth is July 28, 1969 and at all times relevant and material hereto, Plaintiff was age 50.

4. Defendant Jefferson Health is an enterprise health care system comprised of a network of hospitals and physician practices throughout the Delaware Valley in Southeast Pennsylvania and Central New Jersey.

5. Defendant Jefferson Health – Northeast is healthcare provider operating three (3) hospital campuses and two outpatient centers in Northeast Philadelphia and lower Bucks County, Pennsylvania.

6. Defendants are engaged in an industry affecting interstate commerce, and, at all times relevant and material hereto, have regularly conducted business within the Commonwealth of Pennsylvania and the City of Philadelphia.

7. At all times relevant and material hereto, Defendants employed more than fifteen (15) individuals.

8. At all times relevant and material hereto Defendants acted by and through their authorized agents and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

9. At all times relevant and material hereto, Defendants were Plaintiff's "employer" within the meanings of the ADEA, Title VII, the PHRA, and the PFPO.

10. At all times relevant and material hereto, Plaintiff was an "employee" of Defendants within the meanings of the ADEA, Title VII, the PHRA, and the PFPO.

11. Defendant Jefferson Health is interconnected such that the entities that comprise it are considered a "single" and/or "integrated" employer, and/or "joint" employer.

12. Defendants are alter-egos of each other.

### III. JURISDICTION AND VENUE

13. The causes of action which form the basis of this matter arise under the ADEA, Title VII, the PHRA, and the PFPO.

14. The District Court has jurisdiction over Count I (ADEA) and Count II (Title VII) pursuant to 28 U.S.C. § 1331.

15. This Court has supplemental jurisdiction over Count III (PHRA) and Count IV (PFPO) pursuant to 28 U.S.C. § 1367.

16. Venue is proper in the District Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred within this District.

17. On or about December 27, 2019, Plaintiff filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission ("PHRC") complaining of the acts of discrimination alleged herein ("Charge"). The Charge was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto, incorporated herein, and marked as Exhibit "1" is a true and correct copy of the Charge filed with the PHRC (with personal identifying information redacted).

18. On or about November 3, 2022, the EEOC issued to Plaintiff a Notice of Right to Sue. Attached hereto and marked as Exhibit "2" is a true and correct copy of the Notice (with personal identifying information redacted).

19. Plaintiff has fully complied with all administrative prerequisites for commencement of this action.

IV. **FACTUAL ALLEGATIONS**

20. Plaintiff was hired by Defendants on or about February 8, 1988.

21. Plaintiff last held the position of Clinical Supervisor in the Cardiorespiratory Department at Defendants' Frankford Campus.

22. Plaintiff consistently performed her job duties in a highly competent manner and received positive feedback.

23. Plaintiff last reported to Lauren Diduch (female, age 35), Manager of the Cardiorespiratory Department. Ms. Diduch reported to Harry McCloskey (male, age 30), Vice President Hospital Administrator. Mr. McCloskey reported to Richard Galup (male, age 40), President of Defendant Jefferson Health – Northeast.

24. Plaintiff reported to Kathy Punzo (female, age 60), Manager of Cardiorespiratory, until about May 2019.

25. In or about May 2019, Plaintiff began reporting to Ms. Diduch.

26. Prior to reporting to Ms. Diduch, Plaintiff and Ms. Diduch held the same job title.

27. Plaintiff was the oldest female employee reporting to Ms. Diduch.

28. The following employees, in addition to Plaintiff, reported directly to Diduch:

   a. Megan McElroy (female, age 37), who became a Clinical Supervisor between August and November 2019;

   b. Michelle Cole (female, age 42), who became a Clinical Supervisor between May and November 2019; and

   c. Mark Demyan (male, age 62), Clinical Supervisor, who had stated his intention to retire within approximately three (3) years of 2019.

29. At the time of her termination in November 2019, Plaintiff was more qualified to perform the duties of Clinical Supervisor than the above-named employees.

30. During a meeting on or about June 5, 2019, Ms. Diduch gave Plaintiff a document entitled "Action Plan."

31. During the meeting, Ms. Diduch told Plaintiff that Mr. McCloskey had instructed her to meet with her direct reports, including Plaintiff, to review expectations and objectives.

32. Plaintiff's job performance did not warrant an Action Plan.

33. Additionally, no boxes showing that Plaintiff did not meet expectations were checked on the Action Plan document Ms. Diduch gave to Plaintiff, nor were any boxes checked identifying whether Plaintiff was on a thirty (30) day, sixty (60) day, or ninety (90) day Action Plan.

34. Defendants failed to provide Plaintiff with any explanation as to how her performance was allegedly worse than that of younger and/or male employees who were not placed on an Action Plan.

35. Defendants issued to Plaintiff an Action Plan because of her age and/or sex and/or the combination of her age and sex.

36. On or about October 3, 2019, in a meeting with Ms. Diduch and Lori DeCelis (female, age 35), Defendants' Human Resources Business Partner, Defendants issued to Plaintiff a letter stating that "as part of your 90 day action plan," Defendants "determined that you continue to fall below standards of your position."

37. The letter further stated that Plaintiff's "action plan is being extended an additional 30 days to give you sufficient time to improve."

38. The letter further stated that Ms. Diduch would "be meeting with you on a weekly basis to review the plan and assist you becoming competent in all areas."

39. The letter stated the following: "If at the end of the 30 days, November 4, 2019, should you not improve the expectations above a sufficient level deemed by the employer, [Defendants] will terminate your employment."

40. Plaintiff had not received, and did not receive, any documents, including any Action Plan, showing that she did not meet expectations or showing that she was on an Action Plan for a certain amount of time.

41. Defendants extended Plaintiff's alleged Action Plan because of her age and/or sex and/or the combination of her age and sex.

42. Plaintiff was the only employee reporting to Ms. Diduch placed on an Action Plan in June 2019.

43. Defendants failed to provide Plaintiff with any explanation as to how her performance was allegedly worse than that of younger and/or male employees who were not placed on an Action Plan.

44. Plaintiff continued to take steps to achieve the objectives outlined in the Action Plan.

45. Ms. Diduch did not meet with Plaintiff on a weekly basis to review the Action Plan, nor did she assist Plaintiff in becoming competent in all areas.

46. Plaintiff received no indication from Defendants that she was not meeting Defendants' goals.

47. On or about November 1, 2019, in a meeting with Ms. Diduch and Ms. DeCelis, Defendants terminated Plaintiff's employment, effective immediately.

48. The stated reason for terminating Plaintiff's employment was that she did not meet Defendants' goals within thirty (30) days.

49. Plaintiff received a letter dated November 1, 2019, which stated that she was terminated for "violation of HR Policy Performance Coaching and Discipline #913-601 for failing to meet the standard and expectations of your position after being placed on an action plan."

50. Defendants terminated Plaintiff's employment because of her age and/or sex and/or the combination of her age and sex.

51. Defendants terminated Plaintiff's employment before her Action Plan ended on November 4, 2019.

52. Between October 4, 2019 and November 1, 2019, Defendants did not provide Plaintiff with any guidance, direction, or verbal or written documentation stating that she was not meeting Defendants' goals.

53. Plaintiff was the only employee directly reporting to Ms. Diduch who was terminated effective November 1, 2019.

54. Defendants retained all other employees directly reporting to Ms. Diduch, and retained all of Plaintiff's direct reports, all of whom were younger and/or male.

55. Defendants replaced Plaintiff with McElroy, Cole, and/or Melissa O'Neill (female, age 35), as Clinical Supervisor.

56. Plaintiff was more qualified to perform her job duties than the substantially younger employees with whom Defendants replaced her.

57. Prior to reporting to Ms. Diduch, Plaintiff had no disciplinary or performance issues in her thirty-one (31) years of service at Defendants.

58. Prior to reporting to Ms. Diduch, Plaintiff had no indication that her job was in jeopardy.

59. Defendants did not offer Plaintiff a downgraded position, or a position with reduced pay, or any opportunity to remain employed before terminating her employment.

60. Defendants terminated and/or pushed out the following older female employees in May 2019 around the time Plaintiff was placed on an alleged Action Plan: Lindamarie O'Leary (age 72), Respiratory Therapist; and Ms. Punzo.

61. Defendants conduct and comments evidence a bias against older and/or female employees.

62. Plaintiff's age was a motivating and/or determinative factor in connection with Defendants' discriminatory treatment of Plaintiff, including Defendants' termination of Plaintiff's employment.

63. Plaintiff's sex was a motivating and/or determinative factor in connection with Defendants' discriminatory treatment of Plaintiff, including Defendants' termination of Plaintiff's employment.

64. The combination of Plaintiff's age and sex was a motivating and/or determinative factor in connection with Defendants' discriminatory treatment of Plaintiff, including Defendants' termination of Plaintiff's employment.

65. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

66. Plaintiff is now suffering and will continue to suffer irreparable and monetary damages as a result of the unlawful behavior complained of herein unless and until this Court grants the relief requested herein.

## **COUNT I – ADEA**

67. Plaintiff incorporates the paragraphs above as if set forth herein in their entirety.

68. By committing the foregoing acts of discrimination against Plaintiff, Defendants violated the ADEA.

69. Defendants' violations of the ADEA were intentional and willful under the circumstances, warranting the imposition of liquidated damages.

70. As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff has suffered the injuries, damages, and losses set forth herein.

71. Plaintiff has incurred and is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

72. No previous application has been made for the relief requested herein.

## **COUNT II – Title VII**

73. Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

74. By committing the foregoing acts of discrimination against Plaintiff, Defendants violated Title VII.

75. Defendants acted with malice or a reckless indifference to Plaintiff's rights, thereby warranting the imposition of punitive damages.

76. As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has suffered the injuries, damages, and losses set forth herein.

77. Plaintiff has incurred and is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

78. No previous application has been made for the relief requested herein.

### **COUNT III – PHRA**

79. Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

80. By committing the foregoing acts of discrimination against Plaintiff, Defendants violated the PHRA.

81. As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein.

82. Plaintiff has incurred and is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

83. No previous application has been made for the relief requested herein.

### **COUNT IV – PFPO**

84. Plaintiff incorporates herein by reference the paragraphs above, as if set forth herein in their entirety.

85. By committing the foregoing acts of discrimination against Plaintiff, Defendants violated the PFPO.

86. Said violations were willful, wanton, and/or in reckless disregard of Plaintiff's rights thereby warranting the imposition of punitive damages.

87. As a direct and proximate result of Defendants' violation of the PFPO, Plaintiff has suffered the injuries, damages, and losses set forth herein.

88. Plaintiff has incurred and is entitled to all costs and attorneys' fees incurred as a

result of the unlawful behavior complained of herein.

89. No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

a. declaring the acts and practices complained of herein to be a violation of the ADEA;

b. declaring the acts and practices complained of herein to be a violation of Title VII;

c. declaring the acts and practices complained of herein to be a violation of the PHRA;

d. declaring the acts and practices complained of herein to be a violation of the PFPO;

e. enjoining and restraining permanently the violations alleged herein;

f. awarding Plaintiff back-pay;

g. awarding Plaintiff front-pay;

h. awarding interest;

i. awarding compensatory damages to Plaintiff for past and future emotional upset and pain and suffering;

j. awarding liquidated damages;

k. awarding punitive damages;

l.      awarding Plaintiff the costs of this action, together with reasonable attorneys' fees;

m.     awarding Plaintiff such other damages as are appropriate under the ADEA, Title VII, the PHRA, and the PFPO; and

n.      granting such other and further relief as this Court deems appropriate.

**CONSOLE MATTIACCI LAW, LLC**

BY: _/s/ Colin P. Saltry_
Stephen G. Console, Esquire
(PA ID: 36656)
Colin Patrick Saltry, Esquire
(PA ID: 323464)
1525 Locust Street. 9th Floor
Philadelphia, PA 19102
(215) 545-7676

Dated: January 20, 2023            *Attorneys for Plaintiff*